IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALFONZA MCKEEVER, JR.,

    Plaintiff,

       v.

WENDY L. HAGENAU
JUDGE, USBC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-3032-TWT

**OPINION AND ORDER**

This is a pro se civil action arising out of the Plaintiff's bankruptcy proceeding. It is before the Court on the Defendants Scarver and Patterson's Motions to Dismiss for Failure to State a Claim [Docs. 5 & 6]. For the reasons stated below, the Defendants' Motions to Dismiss are GRANTED.

**I. Background**

The Plaintiff Alfonza McKeever, Jr. filed for Chapter 13 bankruptcy on October 29, 2010. The case was eventually converted to a Chapter 11 proceeding.[1] At that

---

[1]    Def.'s Mot. to Dismiss [Doc. 5] at 1-2. The facts in this section are taken from the Defendants' motions because the Plaintiff's Complaint contained nothing more than conclusory allegations.

time, the Plaintiff was represented by counsel.[2] The United States Trustee moved to dismiss the case on March 28, 2012, arguing that the Plaintiff could not confirm a Chapter 11 plan.[3] One of the secured creditors in the case, however, urged the bankruptcy court to convert the case once again to a Chapter 7 proceeding rather than dismiss it.[4] About a month later, the Plaintiff's counsel moved to withdraw representation.[5]

The bankruptcy court eventually granted the attorney's motion to withdraw, and also appointed the Defendant Scarver as a Chapter 11 Trustee.[6] In response to the Plaintiff's disposition of the proceeds from an insurance check related to the property at issue, the Court later granted the creditor's motion and converted the case to a Chapter 7 proceeding.[7] Scarver remained the Trustee for the Chapter 7 case, and she retained the Defendant Patterson as counsel.[8] During the Chapter 7 proceedings, the Trustee and the secured creditor reached a settlement and filed a motion to

---

[2]     Id. at 2.

[3]     Id.

[4]     Id.

[5]     Id.

[6]     Id. at 3.

[7]     Id.

[8]     Id. at 4.

compromise.[9] The proposed settlement awarded the secured creditor a claim in the amount of $85,000 instead of the $129,000 the creditor claimed.[10] The bankruptcy court approved this settlement over the Plaintiff's objection.[11] After a number of other disputes, and what seems to be the Plaintiff's continued disagreement with the bankruptcy court's orders, the Plaintiff filed both this Complaint and a motion to recuse on August 18, 2016.[12] The bankruptcy court denied the Plaintiff's motion to recuse in September.[13]

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[14] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[15] In ruling on a motion to dismiss, the court must

---

[9]     Id.

[10]    Id.

[11]    Id.

[12]    Id. at 6.

[13]    Id.

[14]    Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[15]    Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[16] Generally, notice pleading is all that is required for a valid complaint.[17] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[18] In situations such as this, where a plaintiff is proceeding *pro se*, "the Court must afford him wide latitude when construing his pleadings and papers."[19] Even so, that does not mean that the Plaintiff is excused from the regular rules of litigation, nor does it mean that the Court must rewrite the Plaintiff's Complaint.[20]

### III. Discussion

---

[16] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[17] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[18] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[19] Johnson v. Unified Gov't of Athens-Clarke Cty., No. 3:13-CV-143 (CAR), 2016 WL 4499452, at *1 (M.D. Ga. Aug. 26, 2016) (citing SEC v. Elliott, 953 F.2d 1560, 1582 (11th Cir.1992)).

[20] Id.

The Plaintiff's Complaint names three defendants: (1) Judge Hagenau, the bankruptcy court judge who is presiding over the Plaintiff's proceeding; (2) the Trustee, Ms. Scarver; and (3) Mr. Patterson, counsel for the Trustee. Only the Defendants Scarver and Patterson have filed motions to dismiss. Though Judge Hagenau has not filed a motion in this case, the Court *sua sponte* orders the claim against Judge Hagenau to be dismissed under Rule 12(b)(6) and because it is frivolous.[21] The issuance of orders and judgments, as well as hearings, are "paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court..."[22] Judicial immunity is an absolute bar to the Plaintiff's action against Judge Hagenau.

As for the other Defendants, the Court also grants their motions. Even when viewed leniently, the Complaint contains absolutely no factual assertions that the Court can find legally sufficient to support a claim. Virtually all of the statements contained in the Complaint are nothing more than conclusory allegations without factual support. Ultimately, it seems that the Plaintiff is simply upset with the

---

[21] Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) ("A district court may dismiss *sua sponte* a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. A claim is frivolous if it lacks an arguable basis either in law or in fact.") (citations and quotations omitted).

[22] Forrester v. White, 484 U.S. 219, 227 (1988).

bankruptcy court's rulings. Dissatisfaction with the outcome of the judicial process is not in and of itself a cognizable claim.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motions to Dismiss [Docs. 5 & 6] are GRANTED. In addition, the claim against the Defendant Hagenau is DISMISSED *sua sponte*.

SO ORDERED, this 28 day of November, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge